## CHARLES G. BARTH *et al.*

### *v.*

## THE COMMERCIAL NATIONAL BANK.

*Filed at Ottawa January 25, 1886.*

JUDGMENT AND EXECUTION LIENS *upon land—prior and junior judgments.* Where there are two or more judgments of different dates in the same county, against the same debtor, and an execution is sued out on the oldest one within a year of its date, and returned unsatisfied, an *alias* execution issued on such judgment and levied upon the real estate of the debtor within seven years from the date of such judgment, will create an execution lien thereon, commencing at the time the execution came to the hands of the officer, and extending one year beyond the lien of the judgment, the legal effect of which will be to prevent the liens of the junior judgments or executions issued thereon, from so attaching as to give the latter judgments precedence, when the sale under the oldest judgment is made after the expiration of the seven years and within the life of the execution lien.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

On the 13th of February, 1885, the Commercial National Bank of Chicago filed a bill in the circuit court of Cook county against Charles G. Barth and James N. Wetherell, alleging that on September 24, 1875, one B. G. Caulfield was the owner in fee of blocks 1, 3 and 4, in Warder's subdivision of block 32, in school trustees' subdivision of the south half of the south-east quarter of the north-west quarter of section 16, town 38 north, range 14 east, of the third principal meridian, in Cook county, and on that day the Central National Bank of Chicago recovered judgment against said Caulfield for $562.04, and costs, in the Cook county Superior Court, upon which execution issued on the day of its rendition, and such execution was returned by the sheriff December 22, 1875, wholly unsatisfied, whereby said judgment became a lien on said lands; that afterwards, on September 18, 1882, and while the lien of said judgment still continued, an *alias* execution

issued upon said judgment, and was placed in the hands of the sheriff, and by him levied on the said lands on September 19, 1882; that afterwards, on September 26, 1882, the plaintiffs in said judgment sued out a writ of *venditioni exponas* upon the said levy, and to carry the same into effect by a sale of the lands so levied upon, by virtue of which writ of *venditioni exponas* the sheriff duly advertised the said lands for sale on October 23, 1882, and at such time duly offered the said lands for sale in the manner required by law, and the same were struck off to the complainant at the sum of $800, and immediately thereafter the sheriff delivered to complainant the usual certificate of sale, a copy of which was duly recorded; that after the period allowed by law for redemption from such sale had expired, and no redemption having been made, the said sheriff executed and delivered to complainant the usual sheriff's deed to carry into effect said sale, and thereby vested in fee the legal title to all the said lands in the complainant, and immediately thereafter complainant entered into possession of all said lands under said deed, and fenced the same, and has ever since remained in the actual and peaceable possession thereof. The bill then shows that on the 12th of May, 1877, one Augustus H. Burley recovered a judgment in the Superior Court of Cook county against the said B. G. Caulfield, for the sum of $333.78, and costs, upon which an execution was issued on the same day, which was returned on the 10th of August following, not satisfied; that on the 25th of June, 1883, an *alias* execution was issued on said judgment, and on the same day levied on blocks 1 and 4, above mentioned; that the same, after having been duly advertised, was, on the 23d of July following, sold by the sheriff to James N. Wetherell, who received at the time the usual certificate of purchase; that on the 7th of January, 1884, Wetherell himself obtained a judgment in the Superior Court of Cook county against Caulfield for $6500, upon which execution was issued January 14, 1884, and subsequently returned

no property found; that on May 1, 1884, Wetherell assigned this judgment to Charles G. Barth, who sued out an *alias* execution thereon, and after having redeemed from the sale under the Burley judgment, levied said *alias* execution on said blocks 1 and 4, which, on the 29th of September, were struck off and sold by the sheriff to the said Charles G. Barth, who subsequently received a sheriff's deed therefor. The bill then prays that the sheriff's deed to Barth be held void as to said blocks 1 and 4, and that the same be set aside as a cloud upon appellant's title, etc. A general demurrer to the bill having been overruled, the defendant declined to answer further, whereupon the court entered a decree in conformity with the prayer of the bill, and the defendant appealed.

Mr. JAMES R. MANN, and Mr. JOSIAH H. BISSELL, for the appellants:

A judgment lien can in no case be extended beyond the seven years from the date of the rendition of the judgment, by the levy of an execution, or in any other way. *Riggin* v. *Milligan*, 4 Gilm. 50; *Tenney* v. *Hemenway*, 53 Ill. 97; *Gridley* v. *Watson*, id. 186; *Ewing* v. *Ainsworth*, id. 464; *James* v. *Wortham*, 88 id. 69; *Conwell* v. *Watkins*, 71 id. 492; *Scammon* v. *Swartwout*, 35 id. 343; *Stribling* v. *Prettyman*, 57 id. 371; *Priest* v. *Wheelock*, 58 id. 114.

Section 6 of the act of 1872 was not intended to extend the lien of the judgment or execution. The levy of an execution does not create a lien. There is no execution lien except where the judgment lien has ceased. If an execution is issued within a year, the judgment continues to be a lien until the end of the seven years, and during that time it was not intended that an execution should become a lien. But if the judgment lien ceases at the end of the first year, then an execution issued and delivered during the seven years becomes a lien.

That the levy does not continue the lien, is well settled in other States.     Freeman on Judgments, sec. 394; *Bagley* v. *Ward*, 37 Cal. 121; *Isaac* v. *Swift*, 10 id. 81; 46 id. 654; *Roe* v. *Swart*, 5 Cow. 294; *Little* v. *Harvey*, 9 Wend. 158; *Tufts* v. *Tufts*, 18 id. 621; *Graff* v. *Kepp*, 1 Edw. Ch. 619; *Pettit* v. *Shepherd*, 5 Paige, 493; *Rupert* v. *Dantzler*, 12 S. & M. 697; *Beirne* v. *Mower*, 13 id. 427.

A sale under a *venditioni exponas* can not have greater validity than a sale under the execution itself. · It confers no new authority.     *Badham* v. *Cox*, 11 Ind. 460; *Doe* v. *Hays*, 4 id. 119.

Messrs. SLEEPER & WHITON, for the appellee:

This case can not be distinguished from *Dobbins* v. *First National Bank*, 112 Ill. 553.

The object of section 6 of the act of 1872 was to extend the time in which a sale could be made, beyond that allowed under the former statute.

A *vendi.* is only a prolongation or substitute for the original *fi. fa.*     It confers no new authority.     *Phillips* v. *Dana*, 3 Scam. 551; *Ballingall* v. *Duncan*, 3 Gilm. 477; *Logsden* v. *Spivey*, 54 Ill. 104; *Willoughby* v. *Davey*, 63 id. 246; *Doe* v. *Hays*, 4 Ind. 119.

Appellants' counsel fail to note and give effect to the distinction between the general lien of judgments and specific liens acquired by levy.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

As the judgment under which appellee claims is the oldest, it had precedence over the liens of the other judgments at the time appellee sued out its execution, and as the lien of the execution commenced· before the judgment lien expired, and continued until extinguished by the sale, it follows that by means of the judgment and execution together there was a

continuous lien upon the land in question until the sale under appellee's last execution.

The question for determination, then, is, whether the title of appellee thus acquired is superior to that of Barth, who claims, as we have seen, under a junior judgment, and an execution sale made under it, before the seven years' lien of such junior judgment had expired. Upon the authority of *Dobbins et al.* v. *First National Bank of Peoria*, 112 Ill. 553, and the late case of *Hastings* v. *Bryant et al.*, *ante*, p. 69, this question must be answered in the affirmative. The first of these cases was very ably argued on both sides, and the conclusion reached was after very mature deliberation, and we are fully satisfied with the construction then given to the act of 1872. Some of the expressions used in the opinion in that case may not be entirely accurate, but we have no doubt of the correctness of the conclusion there reached. The substance of that decision, so far as it relates to the question now under consideration, is, that where there are two or more judgments of different dates in the same county, against the same judgment debtor, and an execution is sued out on the oldest judgment, within the year, and returned unsatisfied, an *alias* execution subsequently sued out on such judgment, and levied upon the real estate of the judgment debtor, within the seven years from the date of such judgment, will create an execution lien thereon, commencing at the time the execution came to the hands of the officer, and extending one year beyond the lien of the judgment, unless the same is in the meantime satisfied, the legal effect of which execution lien will be to prevent the liens of the junior judgments, or of the executions issued thereon, from so attaching as to give the latter judgments precedence, where the sale under the oldest judgment is made after the expiration of the seven years, and within the life of the execution lien. As to just how the statute operates in effectuating the legislative intention, is a matter of but little importance, for whether we say the sale, when

made after the expiration of the seven years, but within the life of the execution lien, relates back to the date of the levy, and is thus brought within the lien of the judgment, as is suggested in the *Dobbins case,* or whether we say the lien of the execution issued upon the oldest judgment, and levied within the seven years, has, under the statute, precedence over all liens of junior judgments or of executions issued thereon, the result is the same. This statute, as we understand it, is to be construed precisely as if the legislature had declared that in a case like this the suing out of the *alias* execution, and levying the same within the seven years, should, for the purposes of a sale by the sheriff, extend the lien of the judgment for one year, in such manner and with such effect as to cut off all intervening liens.

The judgment will be affirmed.

*Judgment affirmed.*